In Equity.

BANGOR AND AROOSTOOK RAILROAD COMPANY *vs.* BELONIE DUBAY.

Aroostook.  Opinion March 4, 1912.

*Equity.  Findings of Fact by Single Justice.  Conclusiveness.  Review.*

The decision of a single justice upon matters of fact in an equity case will not be reversed, unless clearly erroneous.

In equity.  On appeal by plaintiff.  Appeal dismissed.  Decree below affirmed.

The case, as stated by the Justice who prepared the opinion, is as follows:

"This is an appeal from a decree of a single justice dismissing a bill in equity asking for specific performance of an alleged contract by the defendant to convey to the complainant a strip of land across his homestead farm for its right of way.

"The plaintiff with many others signed an instrument in which it was stipulated that the signers severally agree 'to convey by a sufficient warrantee deed to said corporation a strip of land one hundred feet in width across our homestead farms corresponding and exactly equal to the right of way when and as the same should be surveyed for an extension of the Bangor & Aroostook Railroad through Van Buren and Grand Isle, and for the purposes of such extension.'  The bill alleges the location of the railroad across the defendant's farm with a description of the strip of land taken for its right of way, which is between the defendant's buildings and the river, and a refusal by defendant to give a deed in accordance with his alleged agreement.  The defendant's contention is that the writing he signed does not represent the agreement that he did make, which was that if the railroad should be located back of his dwelling house, on the west side of the highway, he would give the right of way there, but that he would not give a right of way across his farm if the railroad should be located on the east side of the highway between his buildings and the river.

"The sitting Justice after hearing filed the following decree:

" 'In this case I find the following facts:

" 'That the defendant signed the contract by which he agreed to transfer to the plaintiff company a right of way one hundred feet wide across his farm; that he understood and intended that this right of way should be conveyed to the plaintiff company without any consideration if when surveyed it should be located in the rear of his buildings; on the other hand, I have no doubt that the defendant absolutely declined to consent to the location of the right of way between his buildings and the river where it was finally located, without compensation for the damages entailed upon his property, and that when he signed said contract he did so with an express understanding with the parties who were seeking to obtain his contract, and as a condition precedent to the signing thereof that if the right of way should be located between his buildings and the river, as it actually was, he should be entitled to whatever damage he sustained by reason of such location; that although the defendant signed the contract, which was not fully read to him, and which being in the English language he could not read, yet it was not the contract as represented to him, and was not the contract as he understood it, and contained stipulations to which he did not consent, and in the end presented a contract which he would not have signed had he fully understood it.

" 'Therefore this case having been heard on the 20th day of April, 1911, and argued by council; thereupon upon consideration thereof, it is *ordered, adjudged* and *decreed* that the Plaintiff's bill be dismissed without costs.' "

*Appleton & Chaplin, Powers & Archibald, Stearns & Stearns,* and *Peter C. Keegan,* for plaintiff.

*William P. Allen,* and *Hersey & Barnes,* for defendant.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

PER CURIAM. The decision of a single Justice upon matters of fact in an equity case will not be reversed unless it clearly appears that such decision is erroneous. The burden of showing the error lies on the appellant. *Young* v. *Witham,* 75 Maine, 536; *Paul* v.

*Frye,* 80 Maine, 26; *Sidelinger* v. *Bliss,* 95 Maine, 316; *Herlihy* v. *Coney,* 99 Maine, 469.

Applying this well established rule, we cannot say that the sitting Justice was clearly wrong in his decision in this case. On the contrary, from a careful and painstaking examination of all the evidence adduced at the hearing we are rather inclined to the opinion that the defendant did not understand and appreciate, when he signed or affixed his cross to the paper, which was not fully read to him, although more or less discussed and explained to him, that he had thereby agreed to give without any compensation a deed of the right of way for the railroad to cross his homestead farm between his buildings and the river.

The evidence clearly shows that the defendant said he would never consent to give the right of way between his buildings and the river, and we are constrained to the conclusion of the sitting Justice that the paper which the defendant signed "presented a contract which he would not have signed had he fully understood it."

Accordingly it is the opinion of the court that the entry in this case must be,

*Appeal dismissed. Decree below affirmed.*